UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
BYRON JONES,

                       Petitioner,

      -against-

KATHLEEN H. SAWYER, *Director of the Federal Bureau of Prisons*,

                       Respondent.

---------------------------------------------------------------- x

REPORT AND RECOMMENDATION

No. 19-CV-4893-KAM-JRC

JAMES R. CHO, United States Magistrate Judge:

In June 2013, petitioner Byron Jones ("Mr. Jones" or "petitioner") pleaded guilty in the District of Massachusetts to distributing crack, possessing with intent to distribute crack and cocaine, and conspiring to distribute crack and cocaine. *See* Letter in Opp. to the Pet. for Writ of Habeas Corpus ("Resp. Opp'n"), Dkt. 10. Subsequently, petitioner was sentenced to 135 months in prison. *See* Mem. of Law in Supp. of Petitioner's Pet. ("Pet. Mem."), Dkt. 1-2, at 2.

On August 27, 2019, Mr. Jones filed a petition for a writ of habeas corpus collaterally attacking his sentence under 28 U.S.C. § 2241. *See* Petition for Writ of Habeas Corpus ("Petition"), Dkt. 1. Specifically, Mr. Jones challenged his sentencing calculation and sought his immediate release from custody. *See id*. He claims the respondent, the Federal Bureau of Prisons ("BOP" or "respondent"), failed to recalculate his prison sentence under amended 18 U.S.C. § 3624(b), which would have resulted in his immediate release from BOP custody. *See id.* at ECF pages 4-6.[1]

---

[1] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

On October 11, 2019, less than two months after he filed his petition, petitioner was released from custody. See Resp. Opp'n, Dkt. 11. Petitioner's term of supervised release was subsequently terminated early as of February 7, 2022. See Resp. Letter regarding mootness, Dkt. 16.

For the reasons set forth below, this Court respectfully recommends denying petitioner's habeas petition as moot.

**Relevant Factual and Procedural Background**

In his habeas petition, petitioner alleges that the BOP failed to consider three factors on his sentence. First, petitioner notes that his sentence was reduced from 135 months to 120 months when the United States Sentencing Commission lower the federal drug sentencing guidelines for all controlled substances. Pet. Mem. at 2. However, the government argues that the BOP appropriately noted this reduction. See Resp. Opp'n, Dkt. 11-1, at ECF page 2 ("new sentence imposed . . . 120 months").

Second, petitioner argues that under the First Step Act, he was entitled to 54 days of good time credit for each year of his sentence. See 18 U.S.C. § 3624(b). However, the government states that the BOP recalculated petitioner's good time credit under the First Step Act. See Resp. Opp'n, Dkt. 11-1, at ECF page 4 (on June 4, 2019 "GTC [good time credit] updated pursuant to FSA [First Step Act]").

Third, petitioner states that he was entitled to another one-year reduction in his sentence due to his successful participation in the Residential Drug Abuse Program ("RDAP").[2] Pet.

---

[2] "RDAP is an intensive nine-month 500-hour substance abuse rehabilitation program administered by the BOP, offered to federal prisoners who qualify and voluntarily elect to enroll. Upon successful completion of the program, prisoners who meet the necessary criteria are eligible for up to a 12-month reduction of their sentence and possible six months in the [halfway] house depending on how many months they have left on their sentence." Pet. Mem. at 2-3.

2

Mem. at 2-3.  However, according to the government, any reduction under this program is "discretionary."  *See* Resp. Opp'n, Dkt. 11-1 (citing 18 U.S.C. § 3621(e)(2)(B); *Bernard v. Roal*, 716 F. Supp. 2d 354, 357 (S.D.N.Y. 2010) (early release under the RDAP is "discretionary")).  Accounting for these three reductions, petitioner claims his release date should have been August 19, 2019.  Pet. Mem. at 4.  Petitioner sought "an order directing the BOP to recalculate [his] sentence under the First Step Act amended section 18 U.S.C. 3624(c), and order his immediate release as his release date of August 19, 2019, has since passed."  Petition, Dkt. 1, at ECF page 7.

On August 11, 2021, this Court ordered respondent to show cause why a writ of habeas corpus should not be issued.  *See* Order to Show Cause, Dkt. 5.  On October 8, 2021, respondent opposed the habeas petition.  *See* Resp. Opp'n, Dkts. 10, 11.  Respondent informed the Court that petitioner had been released from custody on October 11, 2019.  *Id*.  Notwithstanding petitioner's release from custody, respondent further argued that his sentence had been calculated correctly, that his sentence accurately reflected the sentence reduction and his "good time credits under the First Step Act," and that any reduction in his sentence for completing RDAP "was discretionary."  *Id*.

On June 2, 2022, this Court ordered respondent to update the Court on the status of petitioner's term of supervised release.  *See* Order dated June 2, 2022.  On June 9, 2022, respondent notified the Court that petitioner's term of supervised release had ended as of February 7, 2022.  *See* Dkt. 14.

On August 9, 2022, this Court directed all parties to advise whether the petition should be dismissed as moot.  *See* Order dated August 9, 2022.  In its response, respondent argued that in light of petitioner's release from custody, his habeas petition should be denied as moot.  *See*

3

Resp.'s letter dated August 31, 2022, Dkt. 16. Petitioner did not respond to the Court's August 9, 2022 Order.

## Discussion

Under 28 U.S.C. § 2241, "federal prisoners who are in custody in violation of the Constitution or laws or treaties of the United States, may seek habeas corpus review." *Whalen v. Fed. Bureau of Prisons*, No. 09-CV-1572, 2011 WL 2669112, at *2 (E.D.N.Y. June 30, 2011). A petition under § 2241 is "limited to challenges to the execution of a sentence . . . [which] includes matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Id*. "A court has jurisdiction over a habeas corpus petition only if the petitioner is in custody." *Baptiste v. INS*, No. 06-CV-615, 2006 WL 3050884, at *1 (E.D.N.Y. Oct. 23, 2006) (citing 28 U.S.C. § 2241). While petitioner in the instant case was "in custody" at the time he filed his petition, petitioner was released from custody on October 11, 2019, and his term of supervised release was terminated as of February 7, 2022. *See* Dkts. 10, 11, 14.

As an initial matter, the Court must determine whether the habeas petition is moot in light petitioner's release from custody. "When a habeas petitioner has been released from custody after filing a petition, the petition may be moot, and the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the U.S. Constitution." *Baptiste*, 2006 WL 3050884, at *1; *see also Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Where a petition is solely based on the lawfulness of petitioner's detention, and he is subsequently released, the petition may be dismissed as moot, unless the petitioner suffers from any "collateral consequences" of detention when he has been released during the pendency of his petition. *See Baptiste*, 2006 WL 3050884, at *1; *see also Williams v. INS*, No. 02-CIV-3814, 2005 WL

4

1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested -- release from detention -- has already been afforded to him").

Collateral consequences are presumed to exist following a criminal conviction.  *See Spencer*, 523 U.S. at 8.  However, "when a defendant challenges only an expired sentence, no . . . presumption [of collateral consequences] applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision."  *Alshalabi v. United States*, No. 08-CV-2734, 2012 WL 727911, at *3 (E.D.N.Y. Mar. 6, 2012) (internal quotation marks and citation omitted).  Further, "where a habeas petitioner only challenges a sentencing enhancement, and not the underlying conviction itself, the court does not presume the existence of collateral consequences."  *Al-Sadawi v. United States*, No. 08-CV-549, 2011 WL 888118, at *4 (E.D.N.Y. Mar. 14, 2011).

Here, petitioner was in custody when he filed his habeas petition on August 27, 2019.  Petitioner does not challenge the validity of his underlying conviction.  Petitioner only challenged his continued confinement on the following grounds:  (1) his sentence should have been reduced pursuant to revised federal guidelines; (2) he should have been credited with a 12-month sentence reduction for completion of the RDAP program; and (3) he should have earned 54 days of good conduct time under the First Step Act.  Petition, Dkt. 1.  However, petitioner has not alleged that he would suffer collateral consequences that are "traceable to the challenged portion of [his] sentence."  *Alshalabi*, 2012 WL 727911, at *3.  In light of the fact that petitioner only challenges the lawfulness of his detention, was released from custody on October 11, 2019, and terminated from supervised release as of February 7, 2022, there is no continuing case or

controversy. For these reasons, this Court respectfully recommends dismissing petitioner's habeas petition as moot. *See Sokolov v. Holder*, No. 13 Civ. 0947, 2013 WL 12377011, at *3 (S.D.N.Y Aug. 13, 2013) ("[Petitioner]'s release from custody, which granted him all the relief his petition sought, renders his petition moot."); *Harvey v. Holder*, 63 F. Supp. 3d 318, 321 (W.D.N.Y 2014) ("Petitioner's habeas petition became moot upon his release from the custody of the United States."); *Baptiste*, 2006 WL 3050884, at *2 ("[P]etitioner in the case at hand was challenging only the lawfulness of her detention. Further, it is hard to imagine any possible 'collateral consequences' of petitioner's detention. She has not indicated any such consequences to the court. Thus, as a result of her release, petitioner's application for relief is moot.")

## Conclusion

Because the only relief petitioner seeks is release from federal custody, given his release from custody less than two months after filing his petition, there is no relief that the Court could award him and, therefore, this Court respectfully recommends dismissing petitioner's habeas petition as moot.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs the respondent to serve a copy of this Report and Recommendation by overnight mail and first-class mail to petitioner and to file proof of service on ECF by **April 5, 2023**. Any objections to the recommendations made in this Report must be filed with the Honorable Kiyo A. Matsumoto within 14 days after the filing of this Report and Recommendation and, in any event, on or before **April 14, 2023**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under

the former ten-day limit).

The Clerk's Office is directed to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated:  Brooklyn, New York
        March 31, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge
